IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01236-BNB

JERRY L. MASKE,

    Plaintiff,

v.

ARAPAHOE COUNTY,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 5 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

    Plaintiff Jerry L. Maske currently resides in Aurora, Colorado. Mr. Maske has filed a

*pro se* Complaint alleging that he has suffered personal injury, slander, and intentional

infliction of emotional distress, because he was falsely arrested based on a fabrication of

evidence, was subjected to a search of his home without a warrant, and as a result was

placed on probation. Plaintiff seeks $25,000,000 in damages

    The Court must construe the Complaint liberally because Mr. Maske is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read

"to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories,

his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate

for **pro se** litigants. **See id.** For the reasons stated below, the Complaint and the action will be dismissed.

Mr. Maske seeks money damages for an alleged wrongful criminal proceeding in state court. The Court finds that the only possible jurisdiction for Mr. Maske's claim in this Court is under 42 U.S.C. § 1983. Nonetheless, Mr. Maske may not recover damages for claims that challenge the validity of his conviction and sentence. **See Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87. "**Heck** precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." **Beck v. City of Muskogee Police Dept.**, 195 F.3d 553, 557 (10th Cir. 1999).

A judgment in favor of Plaintiff's claims necessarily would imply the invalidity of his state court criminal proceedings. Therefore, Plaintiff's claims for damages are barred by **Heck** and will be dismissed. The dismissal will be without prejudice. **See Fottler v. United States**, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, defamation is not a constitutional violation. **See Paul v. Davis**, 424 U.S. 693 (1976). Mr. Maske's slander claim, to the extent he may raise the claim against Arapahoe County, at best is a state claim and inappropriately raised in this Court.

Nonetheless, the Court will dismiss the Complaint and action pursuant to **Heck**.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this __12__ day of _____June_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01236-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/15/09

GREGORY C. LANGHAM, CLERK

By _____
                 Deputy Clerk